No. 655

First Circuit

KILBOURNE ET AL. v. E. J. HACKNEY LBR. CO. ET AL.

(October 8, 1930. Opinion and Decree.)

E. S. Muse, of St. Francisville, attorney for plaintiffs, appellants.

Albin Provosty, of New Roads, Dubuisson, Perrault & Burleigh, of Opelousas, and Burke & Smith, of New Iberia, attorneys for defendants, appellees.

MOUTON, J. In their original petition, plaintiffs claiming to be the owners of and in actual possession of the N. E. ¼ of the N. W. ¼ of section 34, alleged by them to be included in a 1000-acre tract of land in Pointe Coupee, brought this suit against defendant company for slander of their title. In a supplemental petition they specifically abandoned their claim of possession, and converted their demand into a petitory action, thus obviously admitting possession in defendant.

Plaintiffs claim title to the property by inheritance from their father and mother, tracing its origin to a partition by notarial deed passed February 9, 1858, between their ancestor, Eugene Tircuit, and his brother, Alexis Tircuit.

It is to that contract, which plaintiffs term to be an act of partition, that they trace the source of their title. It is not alleged in the petition, nor is it stated any where in that so-called act of partition, from whom Eugene Tircuit, original author of plaintiffs in title, acquired this land. The district judge, in his written opinion, says that the evidence does not show that the land is included in any of the deeds relied on by the plaintiffs. There are good grounds of record to support this conclusion of the trial court, but we will pass them over, and take it as proved that the land in dispute is included within the 1000-acre tract, as is alleged by the plaintiffs.

It was proved by plaintiffs that this land was patented by the state to Thomas S. McCay, May 26, 1859, a little over a year after the date of the partition between Eugene and Alexis Tircuit, by virtue of which plaintiffs aver their ancestor, Eugene Tircuit, acquired title which they allege was transmitted to them by inheritance. It is therefore apparent, from the

evidence of plaintiffs themselves, that when their ancestor undertook to divide the land with Alexis Tircuit, his brother, that its title was then vested in the state, which was thereafter patented to McCay, as above stated. There is nothing to indicate that it had then been severed from the public domain, or that the land had ever been acquired by plaintiffs' author from McCay, his heirs, assigns or from anyone else to sustain their claim of title by inheritance.

They have therefore failed to establish their title by the deeds upon which they rely, and they make no claim of ownership by prescription which, however, would be inconsistent with their petitory action which admits possession in the defendant company.

The defendant, on the other hand, has shown an unbroken chain of title to the land by selection from the state under the act of 1841.

It is elementary that in a petitory action plaintiff must recover on the strength of his own title, and not upon the weakness of the defendant's title.

In the case of Doiron et al. v. Lock, Moore & Co., 165 La. 57, 115 So. 366, 370, the court in emphasizing this doctrine said, not only was it incumbent on plaintiff to show a better title than his adversary, "but one as good as, or better than, any the latter can oppose to them, whether vested in the defendants or not."

In this case the title of the plaintiffs is certainly not better than that of defendant, and not as good, whether vested in defendant or not.

We therefore find no error in the judgment rendered below dismissing plaintiffs' suit.